UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| FLOYD EDWARD TEMPLE, JR., on behalf of himself and all others similarly situated in the State of Tennessee | ) ) ) ) | |
| | ) | No. 2:05-CV-165 |
| v. | ) ) | |
| CIRCUIT CITY STORES, INC. | ) | |
| and | | |
| ROGER BENNETT and RICHARD A. COMBS, on behalf of themselves and all others similarly situated in the State of Tennessee | ) ) ) ) | No. 2:05-CV-211 |
| | ) | |
| v. | ) ) | |
| WAL-MART STORES, INC. | ) | |

REPORT AND RECOMMENDATION

Each of the plaintiffs in these actions seeks to act as the representative of a proposed class of citizens who purchased goods from the defendants, Circuit City Stores, Inc., or Wal-Mart Stores, Inc., between October 25, 1992, and January 4, 2005. The plaintiffs allege that defendants entered into illegal "tying arrangements" with Visa and Mastercard. More specifically, plaintiffs allege that Visa and Mastercard forced businesses throughout the United States to accept Visa and Mastercard *debit* cards as a condition of being approved by Visa and Mastercard to accept the credit cards of those companies as payment for goods sold by these defendants. Additionally,

the plaintiffs allege that Visa and Mastercard forced defendants and other businesses to pay excessive transaction fees on Visa and Mastercard debit and credit transactions, *and that these defendants passed on those excessive transaction fees to their Tennessee customers, the proposed classes.*

In the proposed class actions, the plaintiffs seek to recover from the defendants those excessive and illegal transaction fees charged by Visa and Mastercard which, so the plaintiffs allege, defendants passed on to their Tennessee customers during the referenced time frame. The plaintiffs allege that defendants "conspired" with Visa and Mastercard by willingly participating in the alleged tying arrangement.

Each of the defendants has filed a Motion to Transfer Venue.[1] They ask that these cases be transferred to the District Court for the Eastern District of New York, the court which presided over an underlying class action suit filed against Visa and Mastercard by Circuit City Stores, Wal-Mart Stores, and other merchants that challenged the "tying arrangements" now at issue before this Court. The motions to transfer have been referred by the District Judge to the Magistrate Judge for a report and recommendation.[2] Argument on the defendants' Motions to Transfer Venue was heard on February 15, 2006.

Section 1404(a) of Title 28 of the United States Code authorizes a district court

---

[1] Case No. 2:05-CV-211, Doc. 8; Case No. 2:05-CV-165, Doc. 14.

[2] Case No. 2:05-CV-211, Doc. 17; Case No. 2:05-CV-165, Doc. 24.

2

to transfer a civil action to any other district where it might have been brought originally, if the convenience of parties and witnesses and the interests of justice warrant such a transfer. Whether a case should be transferred to another forum lies "within the sound judicial discretion of the district judge." *Nicol v. Koscinski*, 188 F.2d 537, 538 (6th Cir. 1951).

It is agreed that these suits could have been properly filed in the Eastern District of New York. Thus, as far as 28 U.S.C. § 1404(a) is concerned, this Court now is called upon to decide only if the convenience of parties and witnesses, in the interest of justice, justifies a transfer of these cases to the Eastern District of New York.

As an initial matter, the burden is upon the defendants to demonstrate that a transfer is appropriate. The plaintiffs suggest that the defendants must show a transfer is justified by "clear and convincing evidence," relying on a case from the Tenth Circuit Court of Appeals.[3] Although the parties have been unable to cite any cases from the Sixth Circuit Court of Appeals regarding the requisite standard of proof, a number of district courts in the Sixth Circuit have held that the defendant is merely required to demonstrate that a transfer is warranted by a preponderance of the evidence.[4] Some of the cases from district courts in this Circuit, including one from this District, simply note that the burden is upon the party seeking the transfer. *See,*

---

[3] *Hendrick v. Atchison T. & S. F. Ry.*, 182 F.2d 305, 310 (10th Cir. 1950).

[4] *See, e.g., Diebold, Inc. v. Firstcar Fin. Servs., Inc.*, 104 F.Supp.2d 758, 764 (N.D. Oh. 2000).

3

*e.g., The Carborundum Co., Pollution Control Div. v. Bay Fabricators, Inc.,* 461 F.Supp. 437, 439-40 (E.D. Tenn. 1978). Presumably, if a court merely refers to the "burden" being upon one party or the other, without specifying that it is some extraordinary burden, then surely the court intended that the standard is no more than a preponderance of the evidence. Therefore, the defendants in these cases will be required to demonstrate, by a preponderance of the evidence only, that a transfer of these cases to the Eastern District of New York is justified under § 1404(a).

A class action was certified in 2000 in the Eastern District of New York, *In re Visa Check*, in which the defendants herein were lead plaintiffs. That suit was filed on behalf of merchants across the country who alleged that Visa and Mastercard violated federal antitrust laws by forcing those merchants to accept debit cards, and by charging them excessive transaction fees. That litigation remained pending for eight years, presided over by District Judge Gleeson. *In re Visa Check* has been settled, and Judge Gleeson continues to preside over the enforcement of the class settlements, and continues to oversee the administration of those settlements and the claims process.

The defendants argue that District Judge Gleeson in the Eastern District of New York is intimately familiar with nearly all of the factual and legal issues that will be involved in the cases now before this Court, and that it would promote "judicial efficiency and conservation of judicial resources" to transfer the cases to that court. The defendants further argue that virtually all of the witnesses who will be required to

4

testify in these cases reside in either California or New York, and cannot be subpoenaed to appear for hearings or trial in the Eastern District of Tennessee. The defendants additionally argue that most of the documents germane to these cases already have been produced in *In re Visa Check* and obviously are located in New York. The defendants note that whatever additional documents are needed for these cases are located in Virginia, California and New York; that no documents are in Tennessee; and that most, if not all, depositions will take place in New York or its immediate environs.

    The plaintiffs respond that they, their witnesses, and their attorney all reside in Tennessee. They point out that the relevant sales and the concomitant "wrongs" – i.e., the overcharges – occurred in Tennessee, and to Tennessee citizens. Plaintiffs suggest that these suits are rather simple and straight-forward, and that relatively little fact discovery will be necessary. They also point out that, between the plaintiffs on the one hand and the defendants on the other, the defendants are in an infinitely superior financial position and therefore can litigate far more economically in Tennessee than can the plaintiffs in New York. Further, plaintiffs note that these suits are based on Tennessee's antitrust law, and that a federal judge sitting in Tennessee would be in a better position to interpret and apply that law. They finally argue that their choice of forum should be afforded great weight, and that there are no other factors present in these cases that should be allowed to override their choice of the Eastern District of

Tennessee as their forum to litigate these cases.

The plaintiffs are correct that the courts are to afford great weight to the plaintiffs' choice of forum. *See, e.g., Paragon Financial Group, Inc. v. The Bradley Factor, Inc.*, 2003 W. S. Dist. Lexis 22105, *34 (E.D. Tenn. 2003). But when all is said and done, a plaintiff's choice of forum remains one *factor* to be considered with all the others in determining whether the "interests of justice" and "convenience of the parties and witnesses" require a transfer. It is an exercise in balancing competing considerations.

"Judicial efficiency" or "judicial convenience" is not explicitly listed as a factor in § 1404(a), but it undeniably is an implicit consideration. Judicial efficiency ultimately inures to the benefit of the parties and witnesses, and is therefore an integral part of the "convenience of the parties and witnesses" factor. *See, e.g., Blue Cross Blue Shield of Tenn. v. Griffin*, 2004 WL 1854165 (E.D. Tenn. 2004): "The purpose of § 1404(a) 'is to prevent the waste of time, energy, and money,' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expenses.'" *Id.*, at *4.

The cases pending before this Court flow *directly* from *In re Visa Check*. Judge Gleeson has expended over eight years shepherding that case to its current status. He continues to oversee enforcement of settlement and the claims process. There can be no serious argument that Judge Gleeson is intimately familiar with both the law and the

6

facts in *In re Visa Check*, and those facts and that law will be critical to the appropriate disposition of the cases now pending before this Court. Judge Gleeson will not merely "hit the ground running," he will hit it "sprinting," so to speak. As noted earlier, the plaintiffs make the point that Tennessee law will control the disposition of these cases, and that it follows that a Tennessee judge will be more familiar with that substantive law. Respectfully, Judge Gleeson's assumed lack of familiarity with Tennessee antitrust law is of little importance. Judges, *especially federal judges*, are called upon frequently to apply the laws of other jurisdictions. In all candor, the judges of this Court likely would have to educate themselves extensively on Tennessee antitrust law no less than will Judge Gleeson. Although District Judge Greer must speak for himself, in twenty-two years on the state and federal benches, and in the twelve preceding years while engaged in the practice of law, this Magistrate Judge never has had any experience with Tennessee's antitrust law. That lack of experience notwithstanding, it is sincerely believed that this Magistrate Judge could educate himself extensively regarding that body of law, and beyond any peradventure of a doubt, Judge Gleeson can and will do the same should these cases be transferred.

The plaintiffs argue that Judge Gleeson recently refused to enjoin the prosecution of suits similar to the instant cases. Again, respectfully, that is of little significance. Judge Gleeson correctly recognized that he had no authority to compel plaintiffs in other jurisdictions to litigate in the Eastern District of New York; enjoining the

7

prosecution of suits in other states would be tantamount to usurping a case from a court which otherwise had jurisdiction. That is far different from the court in the original forum determining that the litigants and witnesses would be better served if the case should be tried in another forum.

Some of the witnesses in this case are going to be inconvenienced, and that cannot be avoided. If these cases remain in the Eastern District of Tennessee, various officials and employees of these two defendants, as well as non-party witnesses,[5] will be decidedly inconvenienced. On the other hand, transferring the cases to the Eastern District of New York will inconvenience plaintiffs and their witnesses. However, when put in the balance, the inconvenience falls far more heavily on the defendants and their witnesses. The plaintiffs' testimonies will have relatively little utility in these cases; about all either can say is, "I bought thus-and-so at Circuit City (or Wal-Mart)." A transfer to the Eastern District of New York will not significantly inconvenience the Tennessee witnesses. More likely than not, there will be few, if any, Tennessee witnesses simply because, as already noted, the *real* proof will be the testimonies of officials and employees of Visa, Mastercard, Circuit City, and Wal-Mart, and documents generated by those companies. In other words, the plaintiffs necessarily will use the defendants' documents, the defendants' employees, and the testimonies of Visa and Mastercard employees to establish both liability and damages.

---

[5] Assuming that their attendance can be compelled.

8

Plaintiffs' assertion that there will be relatively little fact discovery, more likely than not, is not accurate. Plaintiffs have charged Circuit City and Wal-Mart with conspiring with Visa and Mastercard to pass on to defendants' Tennessee customers the excessive transaction fees charged by Visa and Mastercard. Indeed, plaintiffs allege that this conspiracy persisted throughout the eight or more years *In re Visa Check* was pending. It is clear from the defendants' briefs and arguments that they strenuously deny that they conspired with anyone. These cases hold out the promise of intensive fact discovery, and especially document discovery. Most of the relevant documents, if not all of them, already are in the custody of the district court of the Eastern District of New York. Judge Gleeson is familiar with those documents, and he already recognizes what is wheat and what is chaff. There will be no need to reinvent the wheel if this matter is tried by Judge Gleeson.

Another factor not mentioned by any of the attorneys is that in class actions the monetary damages to each individual member of the class is not the end-all, be-all; sometimes the *aggregate* damages taxed to the defendant will serve to put an end to the defendant's injurious conduct. That consideration could militate against transferring a case out of the district where originally filed. But that is not a factor in these cases; the illegal conduct has been ended by Judge Gleeson in *In re Visa Check*.

If these cases are transferred to the Eastern District of New York, and if they ultimately are certified as class actions, the claims process obviously will be

9

administered from New York. That, however, should pose no problems for the New York court over and beyond the problems this Court itself would confront. In other words, any claims process can be administered as effectively in New York as here.

It admittedly seems peculiar to transfer a Tennessee case based on Tennessee law, involving Tennessee plaintiffs, who suffered damages in this state, to a federal court in New York. But it does not seem so odd when *In re Visa Check* is factored into the analysis. The suits now before this Court had their genesis in *In re Visa Check*, a great deal of the evidence in these cases will be the same as that presented in *In re Visa Check*, and Judge Gleeson already is intimately familiar with the bulk of the evidence.

Whether to transfer a case under § 1404(a) is determined, as stated, by balancing competing considerations. Regardless of where these cases are tried, one side or the other will be inconvenienced. If *In re Visa Check* is taken out of the equation, plaintiffs' right to chose their home district as the trial forum would easily override the relatively greater inconvenience to defendants in being compelled to litigate here. But *In re Visa Check* exists. It spawned these suits, and the judge presiding over it can proceed apace with resolving them.

It is RECOMMENDED that the defendants' respective Motions to Transfer Venue be GRANTED.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C).

*United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). If a party files objections to this report and recommendation, the attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery or facsimile transmission. The opposing counsel shall file his/her response to the objections within five business days of the date the objections are filed.

                        Respectfully submitted,

                        s/ Dennis H. Inman
                        United States Magistrate Judge